**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| St. Paul Fire & Marine Ins. Co., et al., | |
| Plaintiffs, | No. CV-12-8025-PCT-PGR |
| vs. | |
| Highland Village Partners, LLC, et al., | ORDER |
| Defendants. | |

In a complaint filed on February 9, 2012, the plaintiffs alleged that the Court has diversity of citizenship jurisdiction over this action solely pursuant to 28 U.S.C. § 1332. Having reviewed the complaint upon the reassignment of this action to the undersigned Judge, the Court finds that the jurisdictional allegations in the complaint are insufficient as a matter of law to establish the existence of subject matter jurisdiction as the plaintiffs have failed to properly allege the citizenship of any party.[1] The Court will therefore require the plaintiffs to file an amended complaint properly stating a jurisdictional basis for this action. *See* 28

---

[1] The Court notes that the jurisdictional allegations in defendant Fairmont Insurance Company's cross-claim (Doc. 19) and defendant Continental Casualty Company's cross-claim (Doc. 26) also fail to properly set forth the parties' citizenship.

U.S.C. § 1653; *see also,* Smith v. McCullough, 270 U.S. 456, 459, 46 S.Ct. 338, 339 (1926) ("The established rule is that a plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment.")

The allegations in the complaint regarding the citizenship of the six corporate parties are facially deficient because they merely set forth the state in which the corporations are said to be domiciled and that is inadequate as a matter of law. It is well-established that in order to properly plead the citizenship of a corporation for diversity jurisdiction purposes, the complaint must affirmatively set forth the state by which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *see also*, Fifty Associates v. Prudential Insurance Co. of America, 446 F.2d 1187, 1190 (9th Cir. 1970) ("It follows that an allegation that a corporation is a citizen of a certain state (without more) is not an allegation of fact, but a mere conclusion of law. ... The facts must be alleged from which it may be 'deemed' to be a citizen - i.e. the state in which it was incorporated and the state in which it has its principal place of business.")

The allegation in the complaint regarding the citizenship of defendant Highland Village Partners, LLC is also facially deficient as a matter of law because it merely states that it is a limited liability company domiciled in Arizona. It is also well-established that the citizenship of a limited liability company for diversity jurisdiction purposes is the citizenship of each of its members. *See* Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006)

("Notwithstanding LLCs' corporate traits, ... every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction. ... We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.")  Since the complaint fails to set forth the citizenship of any member of this defendant, the Court will require the plaintiffs to specifically identity in its amended complaint each member of the LLC by name, specifically allege the type of business entity that any non-individual member is, and affirmatively allege the state of citizenship of each member.[2]

The plaintiffs are advised that their failure to timely or sufficiently comply with this order will result in the dismissal of this action for lack of subject matter jurisdiction.  Therefore,

IT IS ORDERED that the complaint in this action is dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the plaintiffs shall file an amended

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] Since only a corporation or an individual may be a citizen for purposes of § 1332 jurisdiction, the amended complaint must set forth any sub-layers of partners or members the limited liability company may have.

complaint properly stating a jurisdictional basis for this action no later than **May 21, 2012.**[3]

DATED this 7th day of May, 2012.

*Paul G. Rosenblatt*
United States District Judge

---

[3] The parties are advised that the complete capitalization of a party's name in the caption of any document filed with the Court violates LRCiv 7.1(a)(3) unless that party's name is completely capitalized in its normal use. The caption of the amended complaint, as must the captions in all future documents filed in this action, must comply with the local rule.